# COURT OF APPEALS OF VIRGINIA

### Record No. 0896-25-4

### ASHLEY FERTIG
v.
### JENNIFER FERTIG, ET AL.

Before: Judges O'Brien, Causey and Bernhard

Opinion Issued June 30, 2026[*]

## FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Matthew P. Snow, Judge

(Ryan M. Schmalzle; Christin L. Georgelas; David S. DeLugas; SG Law, PLC; National Association of Parents, Inc. d/b/a ParentsUSA., on briefs), for appellant.

(Joseph J. Pantella, IV; Avail Law, PLLC, on brief), for appellee Jennifer Fertig.

No brief or argument for appellee Mark Theisen.

## MEMORANDUM OPINION BY
## JUDGE DAVID BERNHARD

In 2018, the circuit court awarded Jennifer Fertig (grandmother) visitation with her minor grandchild over the objection of Ashley Fertig (mother). In 2025, the circuit court found mother in civil contempt for violating the visitation order. Mother appeals the contempt order, arguing that the circuit court violated her constitutional rights by applying the wrong burden of proof during the 2018 proceedings, which rendered the visitation order—and all subsequent orders, including the

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

contempt finding—void ab initio. We find that the asserted error, even if valid, would render the visitation order merely voidable rather than void, so we affirm the circuit court's judgment.[1]

BACKGROUND[2]

"On appeal, we view the evidence, and all reasonable inferences that may be drawn from the evidence, in a light most favorable to the maternal grandparent[] as the party prevailing below." *Yopp v. Hodges*, 43 Va. App. 427, 430 (2004). Mother and Mark Theisen (father) are the biological parents of the minor child; they share custody of the child. Mother and the child began living with grandmother in September 2015, when the child was around four months old. Grandmother cared for the child while mother worked and attended nail technician classes. She took the child on outings, including trips to museums, zoos, and playgrounds.

Mother and grandmother frequently disagreed about the child's care, and their relationship started to decline. During an altercation in July 2016, mother physically attacked grandmother in the child's presence. Grandmother called the police, who arrested mother.[3] Upon her release, mother removed the child from grandmother's home and refused visitation. Grandmother maintained limited contact with the child through father, during his custodial time.

Shortly after the incident, grandmother filed a petition for visitation with the child in the Loudoun County Juvenile and Domestic Relations District Court (the JDR court). Father took no position at the hearing, so the JDR court applied the actual harm standard to grandmother's

---

[1] The panel unanimously agrees that oral argument is unnecessary because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Code § 17.1-403(ii)(c); Rule 5A:27(c).

[2] "To the extent that this opinion discusses facts found in sealed documents in the record, we unseal only those facts." *Brown v. Va. State Bar*, 302 Va. 234, 240 n.2 (2023).

[3] Mother pleaded no contest to assault and battery of a family member, and she received a deferred disposition.

petition.[4]  It found that grandmother had failed to meet that standard, and dismissed the case. Grandmother appealed to the circuit court.

Before trial, mother filed a written motion to strike, arguing that grandmother failed to "plead that the lack of visitation . . . [was] causing actual harm" to the child.  After hearing argument, the circuit court denied mother's motion.[5]  At a subsequent hearing, the parties presented evidence on the merits of grandmother's appeal.  Father testified that he supported grandmother's petition and wanted her to have visitation rights, so long as his time with the child remained unaffected.  At the close of grandmother's evidence, mother again moved to strike, arguing that the actual harm standard applied to father's conditional support.  The circuit court found that father had requested visitation for grandmother, so it denied mother's motion to strike.  At the close of all evidence, mother's counsel argued that the circuit court had to find by clear and convincing evidence that maintaining a relationship with grandmother was in the child's best interests before it could award grandmother visitation, rather than establish actual harm.  Mother's counsel asked the circuit court to deny grandmother visitation because it was not in the child's best interests.  In response, grandmother's counsel pointed out that mother's counsel had "effectively acknowledged that the actual harm standard doesn't apply."

The circuit court applied the child's best interest standard to grandmother's petition.  Based on the evidence presented, the circuit court found that it was in the child's best interest to have

---

[4] A relative seeking visitation with a child over the objection of both parents must demonstrate "an actual harm to the child's health or welfare without such visitation." *Williams v. Panter*, 83 Va. App. 520, 535 (2025) (quoting *Williams v. Williams*, 24 Va. App. 778, 784-85 (1997)).  But this Court has held that when one parent objects to visitation and the other expressly requests it, the relative need only show that visitation is in the child's best interests. *Yopp v. Hodges*, 43 Va. App. 427, 436-39 (2004); *Dotson v. Hylton*, 29 Va. App. 635, 639-40 (1999).

[5] A transcript or written statement of facts of the hearing is not part of the appellate record.

visitation with grandmother on alternating Fridays and for one weekend each quarter of the year.[6]

On January 4, 2018, the circuit court entered a final visitation order memorializing its ruling.[7] The

circuit court continued the case solely to address attorney fees and requested supplemental briefs on

that issue. Mother argued that an award of $20,046.12 in attorney fees was appropriate based on the

parties' relative financial abilities. On February 6, 2018, the circuit court awarded mother $6,500 in

"reasonable and appropriate" attorney fees.

In 2023, mother moved to correct what she alleged were clerical errors in the 2018 visitation

order under Code § 8.01-428(B). After a hearing, the circuit court denied mother's request.[8] In

2024, grandmother petitioned for a rule to show cause, asserting that mother had failed to comply

with the 2018 visitation order. In response, mother moved to vacate the 2018 visitation order and

dismiss the rule to show cause, arguing that grandmother's visitation had been superseded by a 2023

JDR court order modifying the terms of mother and father's joint custody of the child. Mother also

filed a separate motion to modify or terminate grandmother's visitation based on a material change

in circumstances.

The circuit court first conducted a hearing on mother's motion to vacate the visitation order

and dismiss the show cause.[9] Based on the arguments presented, the circuit court denied mother's

---

[6] Before the circuit court entered the final order, mother moved for clarification of the circuit court's ruling because the parties could not agree on how to exchange the child for grandmother's visitations. The circuit court entered an order specifying the exchange location and times.

[7] We dismissed mother's appeal of the 2018 visitation order because she failed to timely file an opening brief. Rule 5A:26. *Fertig v. Fertig*, No. 0209-18-4 (Va. Ct. App. Aug. 7, 2018) (order).

[8] A transcript or written statement of facts of the hearing is not part of the appellate record.

[9] A transcript or written statement of facts of the hearing is not part of the appellate record.

motion to vacate and found the motion to dismiss the rule to show cause moot. A few days later, the parties appeared for a hearing on the rule to show cause and mother's motion to modify visitation. Grandmother asked the circuit court to enforce the 2018 visitation order and hold mother in contempt for failing to comply with it.

Mother argued that even if the circuit court found her in violation of the visitation order, her failure to comply was not willful because she believed grandmother's visitation rights had been superseded by the 2023 joint custody order. The circuit court found mother's argument credible, so it declined to hold her in contempt for any violations committed after the 2023 joint custody order was entered. But the circuit court found that mother had failed to comply with the visitation order before the 2023 joint custody order was entered and held her in contempt for those specific instances. The circuit court also concluded that the evidence supported slight changes to grandmother's visitation to eliminate any potential conflicts with the 2023 joint custody order. On May 2, 2025, the circuit court entered a final contempt order, imposing a $1,500 sanction on mother. In the same order, the circuit court memorialized its modifications to grandmother's visitation.

Mother appeals the contempt order. She argues that the circuit court erred in entering all orders relating to grandmother's visitation, because it applied the child's best interest standard during the 2018 proceedings. She justifies her collateral attack by asserting that the alleged error rendered the 2018 visitation order—and all related subsequent orders—void ab initio. For the following reasons, we disagree.

ANALYSIS

Before considering the merits of an appeal, we must determine whether we have jurisdiction. *Russell v. Commonwealth*, 79 Va. App. 618, 622-23 (2024). On appeal, mother challenges several judgments of the circuit court, including its January 2018 visitation order, its

February 2018 award of partial attorney fees, its March 2023 order denying her request for nunc pro tunc relief, and its March 2025 order denying her motion to vacate. Mother noted this appeal on May 29, 2025, well beyond the 30-day deadline to appeal the 2018 visitation order or other prior orders in this case. *See* Rule 5A:6(a); Code § 8.01-675.3. Ordinarily, a timely notice of appeal is required "to confer active jurisdiction on an appellate court." *Nicholson v. Commonwealth*, 300 Va. 17, 22 (2021). But mother alleges that the 2018 final order, and all subsequent final orders related to grandmother's visitation rights, are void ab initio.

"A collateral attack, in general, is an indirect challenge that seeks to avoid the effects of a prior judgment in a subsequent proceeding." *Stacey v. Commonwealth*, 73 Va. App. 85, 93 (2021) (quoting *Saunders v. Commonwealth*, 62 Va. App. 793, 805 (2014)). "A 'collateral attack is allowed only where the judgment is void, a void judgment being a judgment rendered without jurisdiction.'" *Saunders*, 62 Va. App. at 805 (quoting *Fraser v. Commonwealth*, 16 Va. App. 775, 777 (1993)). An order that is void ab initio "can be challenged at any time" in a proper proceeding by a party with standing, but a merely voidable order "is not subject to collateral attack." *Singh v. Mooney*, 261 Va. 48, 51 (2001); *Bonanno v. Quinn*, 299 Va. 722, 736-37 (2021) (holding that "a challenge that an order is void ab initio, even for lack of subject-matter jurisdiction, may be raised only in a valid direct or collateral proceeding where the voidness of the order is properly at issue"). Consequently, we must determine whether the errors mother asserts render the orders void ab initio, or merely voidable.

An order is void ab initio if: "(1) [the judgment] was procured by fraud, (2) the court lacked subject matter jurisdiction, (3) the court lacked jurisdiction over the parties, (4) the judgment is of a character that the court lacked power to render, or (5) the court adopted an unlawful procedure." *Hannah v. Commonwealth*, 303 Va. 106, 119-20 (2024) (alteration in original) (quoting *Watson v. Commonwealth*, 297 Va. 347, 350 (2019)). "Void ab initio orders,

however, stand in contrast to *voidable* orders, which are actions taken by a court in error but within the bounds of its authority." *Id.* This distinction applies even to constitutional claims. *See Jones v. Commonwealth*, 293 Va. 29, 47-48 (2017) (explaining that certain constitutional errors, "even if conceded to be valid" do not render an order void ab initio). "Significantly, 'very few judgments are totally void and subject to attack at any time.'" *Id.* at 47 (quoting John L. Costello, *Virginia Criminal Law and Procedure* § 62.12, at 1087 (4th ed. 2008)).

Mother contends that the 2018 visitation order is void ab initio because the circuit court "acted outside its jurisdiction" in entering it. In support of this argument, she argues that the circuit court was constitutionally required to find actual harm before it could award grandmother visitation over mother's objection. According to mother, the circuit court infringed on her fundamental right to parent her child by applying the best interests of the child standard during the 2018 proceedings.[10] Thus, mother asks us to reverse that final order, as well as all subsequent final orders related to grandmother's visitation rights including the most recent contempt order.

Mother's challenge rests on her claim that the circuit court made a "jurisdictional" error. "Subject matter jurisdiction defines a court's 'power to adjudicate a case.'" *Hannah*, 303 Va. at 123 (quoting *Pure Presbyterian Church of Wash. v. Grace of God Presbyterian Church*, 296 Va. 42, 49 (2018)). When determining "whether an alleged error undermines a trial court's subject matter jurisdiction, we focus on the statutory language delegating power to the courts to decide the issue." *De Avies v. De Avies*, 42 Va. App. 342, 346 (2004).

In Virginia, JDR courts have jurisdiction over cases involving "custody, visitation, [or] support . . . of a child . . . [w]hose custody, visitation or support is a subject of controversy or

---

[10] Mother also claims the circuit court violated her due process rights by "rel[ying] on contradictory and unreliable testimony," but does not explain why the testimony was objectionable. Because mother failed to develop this argument, it is waived. *See Winters v. Winters*, 73 Va. App. 581, 597 (2021) ("[U]nsupported assertions of error do not merit appellate consideration."); Rule 5A:20(e).

requires determination." Code § 16.1-241. This authority extends to custody or visitation petitions "filed at any time by any party with a legitimate interest," such as a grandparent. *Id.* Code § 16.1-296(A) grants the circuit courts of this Commonwealth jurisdiction over appeals from final judgments of the JDR court. *See also* Code § 20-124.2(A), (B) (circuit courts have authority to rule on matters of custody and visitation, including the ability to "award custody or visitation to any other person with a legitimate interest."). Here, the circuit court clearly had jurisdiction over grandmother's appeal from the JDR court's final judgment in the visitation matter. Thus, even if the circuit court erred by applying the best interests of the child standard, such an error did not render the order void ab initio.

We find mother's contrary arguments, relying on *Williams v. Panter*, 83 Va. App. 520 (2025) and *Williams v. Williams*, 24 Va. App. 778 (1997), *aff'd as modified*, 256 Va. 19 (1998), unavailing. In both *Panter* and *Williams*, we addressed the standard a circuit court was required to apply in a visitation case; neither addressed the jurisdictional element mother alleges. *Panter*, 83 Va. App. at 530-42; *Williams*, 24 Va. App. at 784-85. Mother also cites *Brown v. Burch*, 30 Va. App. 670 (1999), to argue that "visitation orders lacking harm findings are void" and must be vacated. Not only did this Court *affirm* the circuit court's custody and visitation order in that case, we also did not address whether the alleged error would render the order void ab initio and not merely voidable. *Id.* at 675, 682-89.

Mother's arguments on appeal rely entirely on her collateral attack of the 2018 visitation order as void ab initio.[11] As explained above, the alleged error, even if valid, would not render the

---

[11] In her reply brief, mother also challenges the sufficiency of the evidence supporting the circuit court's contempt finding, as well as the monetary sanction imposed on her. But arguments raised for the first time in a reply brief are waived, so we do not address them. *Palmer v. Atl. Coast Pipeline, LLC*, 293 Va. 573, 580 (2017).

2018 visitation order void ab initio, so it is not subject to collateral attack.[12] *De Avies*, 42 Va. App. at 346. Because we lack jurisdiction to review the 2018 proceedings after the 30-day deadline to appeal has passed, we affirm the circuit court's judgment. *See Nicholson*, 300 Va. at 22; Rule 5A:6(a); Code § 8.01-675.3.

Mother and grandmother both request an award of attorney fees and costs incurred in this appeal.[13] "Such awards are governed by Rule 5A:30." *Sobol v. Sobol*, 74 Va. App. 252, 290 (2022). "In determining whether to make such an award, this Court is not limited to a consideration of whether a party's position on an issue was frivolous or lacked substantial merit but may consider all the equities of the case." Rule 5A:30(b)(2)(C). "Thus, unlike our review of attorney fee awards made by trial courts, the question of attorney fees on appeal is committed to our discretion based upon our consideration of all of the pertinent facts and circumstances." *Sobol*, 74 Va. App. at 290. Having thoroughly reviewed the record on appeal, we decline to award attorney fees in this matter.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*

---

[12] Moreover, the record demonstrates that mother specifically invited the circuit court to apply the best interests of the child standard to grandmother's visitation petition during closing argument. Thus, she invited any claimed error and "may not benefit from [her] voluntary choice." *Moore v. Hinkle*, 259 Va. 479, 491 (2000). *See also Amazon Logistics, Inc. v. Va. Emp. Comm'n*, 304 Va. 107, 114-15 (2025) (per curiam) (a litigant who approbates and reprobates by taking inconsistent or mutually contradictory positions during the litigation waives that argument).

[13] Grandmother also asks this Court to sanction mother's counsel under Code § 8.01-271.1 because mother's opening brief incorrectly states that father died. In her reply brief, mother acknowledges the factual error and asserts that it was unintentional. Having reviewed the briefs, we decline to impose sanctions in this matter.